IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:02-cr-00110 |
| | ) | Judge Trauger |
| ANTONIO D. JONES | ) | |

## ORDER

Pending before the court are the Defendant's *pro se* letter requesting a sentence reduction (Docket No. 151), and the Government's Response (Docket No. 154).

The Defendant appears to seek a reduction in his sentence based on Amendment 782 to the United States Sentencing Guidelines. Amendment 782, which went into effect on November 1, 2014, reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. The Amendment has been given retroactive effect. U.S.S.G. § 1B1.10(d), (e).

A sentence of imprisonment is a final judgment and may be modified by a district court only in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010). A limited exception to the general rule of finality is authorized by 18 U.S.C. § 3582(c)(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered and made retroactive by the Sentencing Commission. Section 3582(c)(2) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>
> * * *
>
> (2) in the case of a defendant who has been

> sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted," the court is to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

In this case, the Defendant was convicted after a jury trial, before now-retired Judge John T. Nixon, of drug trafficking involving 50 grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count One); possession of firearms in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c) (Count Two); and unlawful possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count Three). (Docket Nos. 11, 37, 101, 147). At the subsequent sentencing hearing, Judge Nixon imposed concurrent life sentences on Counts One and Three, and a consecutive 60-month sentence on Count Two. (Docket Nos. 81, 101). The life sentence imposed on Count One was required by 21 U.S.C. § 841(b)(1)(A) because the offense involved 50 grams or more of cocaine base, as found by the jury, and the Defendant had two or more prior felony drug offenses. (Docket No. 101, at 11; Docket No. 147, at 16, 19). The 60-month sentence for Count Two was also mandated by statute, specifically 18 U.S.C. § 924(c)(1)(A)(i), 924(c)(1)(D)(ii). (Docket No. 101, at 18;

Docket No. 147, at 16, 19). As for Count Three, the Defendant qualified as an Armed Career Criminal, triggering the statutory sentencing range of 15 years to life under 18 U.S.C. § 924(e). (Docket No. 101, at 18-19; Docket No. 147, at 7, 16, 19). On appeal, the Sixth Circuit affirmed, and the Supreme Court denied the Defendant's petition for writ of certiorari on June 4, 2007. (Docket Nos. 101, 104).

By Order entered December 6, 2016, Judge Nixon reduced the Defendant's sentence on Count Three to the maximum sentence of 120 months under the firearms statute, based on an agreement of the parties, because the Defendant no longer qualified as an Armed Career Criminal in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). (Docket Nos. 144, 145). On January 19, 2017, the President commuted the Defendant's life sentence on Count One to a sentence of 240 months imprisonment, but left all other components of the sentence intact. (Docket No. 148, at 6). This case was subsequently transferred to the undersigned Judge.

As discussed above, the Defendant's sentence on Count One was based on the drug trafficking statute, 21 U.S.C. § 841(b)(1)(A), and the sentence on Count Two was mandated by the firearms statute, 18 U.S.C. § 924. The Defendant's sentence on Count Three was based on an agreement of the parties to the maximum sentence under the firearms statute. The Sentencing Guideline for drug trafficking offenses did not serve as a basis for the Defendant's sentence on any of the three counts. Therefore, Amendment 782's two-level reduction to the Drug Quantity Table does not serve to lower the Defendant's offense level or sentencing range. *See* U.S.S.G. § 1B1.10, App. Note 1(A) (Statutory mandatory minimum is to be applied before determining whether the applicable guideline range has been lowered by a retroactive amendment); *United States v. Kelley,* 570 Fed. Appx. 525, 531 (6th Cir. 2014)("Accordingly, the amendments at issue do not lower Kelley's applicable guideline range, because the statutory mandatory minimum

3

term of imprisonment trumps his otherwise applicable guideline range."); *United States v. McClain*, 691 F.3d 774 (6th Cir. 2012).

The Defendant suggests that the commutation of his sentence on Count One to 240 months makes him eligible for a further sentence reduction. The commutation did not lower the Defendant's sentencing range, however, as required for eligibility for a sentence reduction under Section 3582(c)(2). *See United States v. Buenrostro*, 2016 WL 6895445 (E.D. Ca. Nov. 23, 2016)(Commutation of defendant's mandatory life sentence under 21 U.S.C. § 841 does not confer eligibility for Section 3582(c)(2) relief). *See also United States v. Surratt,* 855 F.3d 218, 219 (4th Cir. 2017) (Request for sentence reduction held to be moot after commutation of the defendant's sentence by President Obama). For these reasons, 18 U.S.C. § 3582(c)(2) does not permit a reduction in the Defendant's sentence, and the Defendant's request for a sentence reduction is DENIED.[1]

It is so **ORDERED.**

_____
ALETA A. TRAUGER
U.S. District Judge

---

[1] To the extent the Defendant seeks a sentence reduction based on the amendments to the drug trafficking sentencing guideline enacted in 2010, that request is denied for the same reasons. *See Kelley, supra; Surratt, supra*.