**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 3:02-cr-00110-1** |
| | ) | **Judge Aleta A. Trauger** |
| **ANTONIO D. JONES** | ) | |

## MEMORANDUM AND ORDER

Before the court is defendant Antonio D. Jones's untitled *pro se* motion seeking relief under the First Step Act (Doc. No. 160), supplemented, following the appointment of counsel, by a Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act (Doc. No. 162). The government has filed a Response. (Doc. No. 165.) For the reasons set forth herein, the motion will be denied.

## I.    BACKGROUND

In 2002, Jones was charged in a three-count Indictment with (1) possession with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and (3) being a previously convicted felon in possession of multiple firearms, in violation of 18 U.S.C. § 922(g)(1) and 924. (*See* Presentence Report ("PSR"), Doc. No. 147, at 1.) The government filed a 21 U.S.C. § 851 Notice of two prior drug convictions (Doc. No. 26), which meant that, if Jones was convicted on the crack offense, he would be subject to a statutory mandatory sentence of life imprisonment on Count 1, under 21 U.S.C. § 841(b)(1)(A)(iii) (2003). The government also filed a notice that he was subject to the enhanced penalty under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), for purposes of sentencing on Count 3. (*See* Doc. No. 75; *see also* PSR, Doc. No. 147, at 1, 4, 16 (referencing the government's notice of

applicability of enhancement and indicating an applicable statutory sentencing range of "15 years to Life" under § 924(e)).)[1]

Jones went to trial in January 2003 and was convicted on all counts. On October 7, 2004, Senior Judge John T. Nixon sentenced Jones to the mandatory life sentence on Count 1, a concurrent life sentence on Count 3, the mandatory consecutive 60-month sentence on Count 2, and, in the event he ever became eligible for such, a ten-year term of supervised release.[2] (Judgment, Doc. No. 81; *see* Sentencing Tr., Doc. No. 94.) The conviction and sentence were affirmed on direct appeal, and the Supreme Court denied the defendant's petition for a writ of certiorari. (Doc. Nos. 101, 104.) Judge Nixon denied the defendant's subsequent motion for relief under 28 U.S.C. § 2255. *Jones v. United States*, No. 3:08-0567, 2009 WL 5170191 (M.D. Tenn. Dec. 18, 2009).

In January 2017, President Obama commuted Jones's life sentence on Count 1 to 240 months, leaving intact the term of supervised release. (Doc. No. 148, at 6.)

On January 15, 2019, the defendant filed his *pro se* motion for a sentence reduction based on the First Step Act. (Doc. No. 160.) The court appointed counsel, who filed the Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act, which the court construes as superseding the *pro se* motion. In this Motion, counsel represents that, pursuant to the grant of executive clemency, Jones became eligible for release on November 22, 2019 and was

---

[1] The defendant notes in his motion that the PSR's designation of him as an armed career criminal under 18 U.S.C. § 924(e) was an error, "albeit an immaterial error," because he had only two prior qualifying offenses rather than the three required by the statute. (Doc. No. 162, at 2 n.1.)

[2] As the defendant also notes, the sentencing court apparently found the § 924(e) enhancement applied, as it imposed a concurrent life sentence on Count 3, the felon-in-possession charge. In any event, Jones' sentence on Count 3 was reduced to 120 months in 2016, in accordance with *Johnson v. United States*, 135 S. Ct. 2551 (2015), pursuant to which Jones no longer qualified—if he ever had—for a sentencing enhancement under the ACCA. The sentences on Counts 1 and 2 remained unchanged. (Doc. No. 145.)

scheduled to go to a halfway house in March 2019. Because his custodial sentence was, even then, almost completely served, the defendant focused on seeking a reduction of the term of supervised release from ten to eight years.

The government's Response indicates that Jones was actually released from custody on July 19, 2019, rendering any request for a further reduction in his custodial sentence moot.[3] The government concedes that Jones would have been eligible for a reduction of his custodial sentence term, based on his original sentence, but it also argues that "President Obama's grant of executive clemency appropriately addressed the objectives of the First Step Act and the Court should exercise its discretion not to reduce the sentence further." (Doc. No. 165, at 3.) Specifically regarding supervised release, the government asserts that "[t]he First Step Act does not authorize a reduction of the period of supervised release imposed by Judge Nixon." (*Id.*) The government's position is predicated upon 18 U.S.C. § 3582(c)(1)(B), which, the government contends, "plainly and unambiguously applies only to terms of imprisonment, not to terms of supervised release." (*Id.* (quoting *United States v. Razz*, 387 F. Supp. 3d 1397, 1406 (S.D. Fla. 2019)).)

## II.     THE FIRST STEP ACT

Section 2 of the Fair Sentencing Act of 2010 ("FSA"), enacted on August 3, 2010, amended 21 U.S.C. § 841 by increasing the amount of cocaine base (crack) required to trigger mandatory minimum sentences. Pub. L. 111-220 (Aug. 3, 2010). Following the enactment of the FSA, it takes

---

[3] If it had been any longer, Jones's sentence would also have been affected by another provision of the First Step Act—Section 102(b)(1), which amended 18 U.S.C. § 3624(b)(1) to change the method by which the Bureau of Prisons calculates good time credits ("the good-time-fix amendment"). According to the defendant, the good-time-fix amendment would have entailed for him a sentence reduction of approximately 16 weeks. The 2018 Act, however, specifically delayed implementation of § 102(b)(1) until the Attorney General released a risk and needs assessment system, First Step Act § 102(b)(2), which was due within 210 days of the Act's passage—or July 19, 2019. *See id.* § 101(a). July 19, 2019 was the date the defendant was released from all custody. He did not, therefore, enjoy any benefit from this amendment.

280 grams of cocaine base (rather than 50 grams) to trigger the mandatory minimum penalties described in § 841(b)(1)(A). The FSA, however, did not apply retroactively to defendants who, like Jones, had been sentenced before the statute was enacted. *Dorsey v. United States*, 567 U.S. 260, 264 (2012); *United States v. Blewett*, 746 F.3d 647, 651 (6th Cir. 2013).

The First Step Act of 2018 ("the 2018 Act") was signed into law on December 21, 2018. Pub. L. 115-391 (Dec. 21, 2018). Section 404 of the 2018 Act allows district courts to apply the FSA retroactively, such that the court "may" impose a reduced sentence as if section 2 of the FSA had been in effect at the time a "covered offense" was committed. First Step Act § 404(b). The term "covered offense" refers to "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the [FSA] that was committed before August 3, 2010." *Id.* § 404(a). A district court, however, is not "require[d] . . . to reduce any sentence" pursuant to section 404(b). First Step Act § 404(c); *see also id.* § 404(b) (instructing that a court "may . . . impose a reduced sentence" (emphasis added)).

More specifically, under the version of 21 U.S.C. § 841 in effect at the time Jones was sentenced, a defendant convicted of a drug offense involving 50 grams or more of crack cocaine after two or more prior convictions for a serious drug felony was subject to a "mandatory term of life imprisonment without release." 21 U.S.C.A. § 841(b)(1)(A) (2002). After the FSA went into effect, a person convicted of a drug offense involving at least 28 and up to 280 grams of crack cocaine—after at least one prior conviction for a serious drug felony—is subject to a minimum sentence of ten years of imprisonment, up to life, and a term of supervised release of at least eight years in addition to the prison term. 21 U.S.C. § 841(b)(1)(B). Under the 2018 Act, this provision applies, not only to defendants sentenced on or after August 3, 2010, but retroactively to defendants sentenced before that date.

### III.   APPLICATION OF § 404 IN THIS CASE

The sole question presented by the defendant's motion is whether the defendant is *eligible* for a reduction in his term of supervised release under the 2018 Act. The government argues that the 2018 Act does not authorize a reduction of the term of supervised release. Neither party presents any argument regarding whether, if indeed the defendant is eligible, the factors relevant to such a consideration warrant the imposition of a reduced sentence in this case.

The government's position is premised upon the language of 18 U.S.C. § 3582(c)(1)(B), which provides that a district court "may not modify a term of imprisonment once it has been imposed" except under very limited circumstances, including, as relevant here, "to the extent otherwise expressly permitted by statute." *See also United States v. Razz*, 387 F. Supp. 3d 1397, 1405 (S.D. Fla. 2019) (presuming that a motion for a reduction in sentence is governed by 18 U.S.C. § 3582(c)(1)(B) and holding that § 3582(c)(1)(B), on its face, authorizes a court to "modify an imposed term of imprisonment" but does not authorize the reduction of a term of supervised release (citing cases predating the First Step Act)).

This court is not persuaded by *Razz*. While § 3582(c) pertains only to "an imposed term of imprisonment," the 2018 Act is not limited by § 3582(c). It refers more broadly to "a sentence [imposed] for a covered offense" and authorizes the imposition of a "reduced sentence" if its terms apply. As the Supreme Court and Sixth Circuit have recognized, a period of supervised release is part of a defendant's "sentence." *See, e.g.*, *Mont v. United States*, 139 S. Ct. 1826, 1833 (2019) ("Supervised release . . . permits a defendant a kind of conditional liberty by allowing him to serve *part of his sentence* outside of prison." (quoting *Johnson v. United States*, 529 U.S. 694, 697 (2000)); *United States v. Deen*, 706 F.3d 760, 764 (6th Cir. 2013) (recognizing that supervised is "part of a defendant's sentence"). And, in the context of a § 404 motion, the Sixth Circuit has recognized that, while the language of 18 U.S.C. § 3582(c)(1)(B) informs the court's interpretation

of the First Step Act and, specifically, its conclusion that the First Step Act does not require plenary resentencing, the provisions of § 3582 do not govern resolution of a motion under the 2018 Act. *See United States v. Foreman*, 958 F.3d 506, 511–12 (6th Cir. 2020) (noting that the conclusion that the First Step Act does not require plenary resentencing was "bolstered by the presumption of sentencing finality codified in 18 U.S.C. § 3582(c)" but that the provisions of the latter statute were "not at issue in [that] case and impose additional restrictions not found in the First Step Act"). Thus, the court rejects the government's argument that the First Step Act must be construed narrowly as authorizing only the reduction of a prison term. *Accord United States v. Edwards*, No. 8:96-CR-332-T-27MAP, 2019 WL 3858171, at *2 n.4 (M.D. Fla. Aug. 16, 2019) (distinguishing *Razz* and holding that the "retroactive application of the reduced penalties under the Fair Sentencing Act require imposition of a term of supervised release").

The government also argues that President Obama's commutation of Jones's sentence "appropriately addressed the objectives of the First Step Act," as a result of which the court should "exercise its discretion not to reduce the sentence further." (Doc. No. 165, at 3.) However, the president's clemency order did not constitute an individualized assessment of all the relevant factors and, arguably at least, did not reduce the sentence to the full extent to which the defendant might have been entitled if the 2018 Act had been enacted sooner.

Consequently, the court finds that the defendant is *eligible* under the 2018 Act for a reduction in his term of supervised release. As indicated above, however, regarding whether such a reduction is *appropriate* in his particular case, neither party has discussed the factors relevant to that determination. The Sixth Circuit has recently held that a court addressing a Section 404 motion for sentence reduction should perform an "accurate calculation of the amended guidelines range at the time of resentencing and [a] thorough renewed consideration of the § 3553(a) factors."

*United States v. Boulding*, 960 F.3d 774, 784 (6th Cir. 2020). The court is unable to perform such an analysis in this case, because neither party has presented any information relevant to that assessment. The court declines to conduct this analysis *sua sponte* and will instead deny the motion as insufficiently supported.

## IV. CONCLUSION AND ORDER

Insofar as the defendant's motion seeks a reduction of his custodial term of imprisonment, the motion is **DENIED AS MOOT**.

Insofar as the defendant seeks a reduction in the term of supervised release, from ten years to eight years, the motion is **DENIED**. Although the defendant would be eligible under the First Step Act for such a reduction, he has failed to satisfy the court that a reduction is appropriate under the particularized facts of his case. This denial, however, is without prejudice to the defendant's ability to move for a reduction of his term of supervised release under 18 U.S.C. § 3583(e)(1). *See United States v. Johnson*, 529 U.S. 53, 60 (2000) ("[T]he court may terminate an individual's supervised release obligations "at any time after the expiration of one year . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.").

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge